UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MICHAEL JOSIAH WINTERS, | ) |
| Petitioner, | ) |
| v. | ) No. 2:17-cv-00386-JMS-DLP |
| JEFFREY KREUGER, | ) |
| Respondent. | ) |

**Entry Discussing Petition for Writ of Habeas Corpus**

Petitioner Michael Winters is an inmate currently housed at the United States Penitentiary, located in Terre Haute, Indiana. He brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the following reasons, Winters' habeas petition must be **denied**.

**I. Factual Background**

Winters was indicted in the Western District of Michigan and pleaded guilty to one count of armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d). *United States v. Winters*, 1:05-cr-99-JTN-1 (W.D. Mich. Jan. 26, 2006) ("Crim. Dkt."). Under the terms of his written plea agreement, Winters agreed that the court would make the final determination of the Guideline range that applies in his case, and may impose a sentence within, above, or below the guideline range, subject to the statutory maximum penalties. Crim. Dkt. 40. No Guidelines were identified in the plea agreement.

At sentencing, Winters' offense level under the Guidelines was adjusted in a number of ways. At issue here is the enhancement for being found to be a career offender. Because Winters has three prior convictions for breaking and entering, he was determined to be a career offender

within the meaning of U.S.S.G. § 4B1.1 and his total offense level became 34. PSR ¶ 58. These felonies included three convictions in Michigan for Breaking and Entering a Building with Intent – on November 13, 1992, December 18, 1992, and January 8, 1993. Dkt. 1 at 14.

Based on a total offense level of 34 and a criminal history category of VI, Winters' Guideline range for imprisonment was 262 to 327 months, but pursuant to U.S.S.G. § 5G1.2(c)(1), the Guideline range became 262 to 300 months. PSR ¶ 120. At the hearing, the sentencing judge recognized that the Guidelines "are presumed to be of guidance only" and that he could "go up and down anywhere you want to under [§] 3553." Crim. Dkt. 58 at 57; *e.g.*, Crim. Dkt. 58 at 29 (recognizing that the Guidelines are "advisory"). The judge noted the Guideline calculation and stated that the "Court's duty is to impose a sentence sufficient but not greater than is necessary to comply with the purposes of [§] 3553 (a)." Crim. Dkt. 58 at 63. After discussing the appropriate factors, the judge sentenced Winters to 264 months' imprisonment, concluding that the sentence was "not greater than necessary to comply with the purposes of Section 3553 (a)" and was consistent with the Guideline range. Crim. Dkt. 58 at 66; Crim. Dkt 54.

Winters raised two sentencing issues on direct appeal. Winters argued that he should have received a reduction for acceptance of responsibility and that the enhancement for use of a dangerous weapon was improper. The Sixth Circuit disagreed and affirmed Winters' sentence. *See United States v. Winters*, 247 F. App'x 665 (6th Cir. 2007).

On June 30, 2008, Winters filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 claiming ineffective assistance of counsel. Crim. Dkt. 68. Winters' § 2255 motion was denied, and he was denied a certificate of appealability. On August 14, 2014, the Sixth Circuit granted Winters authorization to file a successive habeas motion in the district court pursuant to

2

*Johnson v. United States*, 135 S. Ct. 2551 (2015). In light of *Beckles v. United States*, 137 S. Ct. 889, 895 (2017), Winters' § 2255 motion was denied. *Winters v. United States*, No. 1:16-cv-986 (W.D. Michigan 2016).

Winters now seeks relief pursuant to § 2241 arguing that under *Mathis v. United States*, 136 S.Ct. 2243 (2016), his sentence should not have been enhanced based on his state burglary convictions.

## II. Standard

To succeed on a motion for relief under § 2241, a motion pursuant to 28 U.S.C. § 2255 must be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). Section 2255 is inadequate or ineffective if the following three requirements are met: "(1) the petitioner must rely on a case of statutory interpretation (because invoking such a case cannot secure authorization for a second § 2255 motion); (2) the new rule must be previously unavailable and apply retroactively; and (3) the error asserted must be grave enough to be deemed a miscarriage of justice, such as the conviction of an innocent defendant." *Davis v. Cross*, 863 F.3d 962, 964 (7th Cir. 2017).

## III. Discussion

The parties agree that Winters has met the first two requirements to bring a § 2241 case.[1] But the parties disagree regarding whether Winters' petition satisfies the third requirement for

---

[1] First, *Mathis* is a case of statutory interpretation. *Dawkins v. United States*, 829 F.3d 549, 551 (7th Cir. 2016) (Because *Mathis* "is a case of statutory interpretation," claims based on *Mathis* "must be brought, if at all, in a petition under 28 U.S.C. § 2241."); *Jenkins v. United States*, No. 16–3441 (7th Cir. Sept. 20, 2016) ("*Mathis* is not amenable to analysis under § 2244(b) because it announced a substantive rule, not a constitutional one."). In addition, the petition also meets the second requirement because it is retroactive. *Holt v. United States*, 843 F.3d 720, 721-22 (7th Cir. 2016) ("substantive decisions such as *Mathis* presumptively apply retroactively on collateral review.").

3

relief under § 2241 – that the error is grave enough to be a miscarriage of justice. The respondent argues that *Mathis* does not apply to Winters' claims. The respondent argues that there was no error in sentencing Winters and therefore no manifest injustice. Winters argues that his burglary convictions are not sufficient to enhance his sentence and his sentence was therefore improperly enhanced. For the following reasons, the Court finds that *Mathis* does apply to Winters' claims, but that Winters has not demonstrated a miscarriage of justice as required to warrant relief.

The Supreme Court held in *Mathis* that a crime counts as "burglary" under the Armed Career Criminal Act ("ACCA") only "if its elements are the same as, or narrower than, those of the generic offense." *Mathis*, 136 S. Ct. at 2248. "But if the crime of conviction covers any more conduct than the generic offense, then it is not an ACCA 'burglary'—even if the defendant's actual conduct (i.e., the facts of the crime) fits within the generic offense's boundaries." *Id*. The generic offense of burglary contains "the following elements: an unlawful or unprivileged entry into . . . a building or other structure, with intent to commit a crime." *Id*. (*quoting Taylor v. United States*, 495 U.S. 575, 598 (1990)).

The respondent argues that under *Mathis*, Winters' burglary convictions qualify as violent felonies, while Winters argues that they do not. The parties' positions amount to a disagreement over which Michigan burglary statute formed the basis for Winters' convictions. The respondent maintains that Winters was convicted under Michigan Complied Laws § 750.110a which provides:

> (2) A person who breaks and enters a dwelling with intent to commit a felony, larceny, or assault in the dwelling, a person who enters a dwelling without permission with intent to commit a felony, larceny, or assault in the dwelling, or a person who breaks and enters a dwelling or enters a dwelling without permission and, at any time while he or she is entering, present in, or exiting the dwelling, commits a felony, larceny, or assault is guilty of home invasion in the first degree

4

> if at any time while the person is entering, present in, or exiting the dwelling either of the following circumstances exists:
> (a) The person is armed with a dangerous weapon.
> (b) Another person is lawfully present in the dwelling.

The Sixth Circuit has held that a conviction under this statute qualifies as a "violent felony" under the ACCA's enumerated crimes clause because it is "categorically equivalent to generic burglary." *United States v. Quarles*, 850 F.3d 836, 839 (6th Cir. 2017).

Winters argues that his burglary convictions were for Breaking and Entering under Michigan Complied Laws § 750.110. That statute provides:

> A person who breaks and enters, with intent to commit a felony or a larceny therein, a tent, hotel, office, store, shop, warehouse, barn, granary, factory or other building, structure, boat, ship, or railroad car is guilty of a felony, punishable by imprisonment for not more than 10 years.

The Sixth Circuit Court of Appeals has held that a conviction under this statute cannot serve as a predicate offense under the ACCA. *United States v. Ritchey*, 840 F.3d 310, 321 (6th Cir. 2016). In other words, if Winters was convicted under § 750.110a, then his prior convictions qualify for enhancement. If he was convicted under § 750.110, they do not. Winters points out that he was convicted of the predicate offenses in 1992 and 1993, while Michigan Compiled Laws § 750.110a was not added to the law until 1994. *See* PENAL CODE—HOME INVASION, 1994 Mich. Legis. Serv. P.A. 270 (S.B. 260) (WEST) ("Section 110 of Act No. 328 of the Public Acts of 1931, being section 750.110 of the Michigan Compiled Laws, is amended and section 110a is added . . . ."). Thus, Winters must have been convicted under § 750.110. Winters has also provided documentation showing that he was convicted of 750.110 "B&E Building with Intent," dkt. 1 pg 14. A crime under this statute has been held not to be a crime of violence. Therefore, Winters' sentence was enhanced under the Sentencing Guidelines based on prior convictions that do not qualify for the enhancement.

5

The fact that the predicate offenses were invalid does not end the inquiry. To grant relief under § 2241, the petitioner must show that the error is grave enough to be deemed a miscarriage of justice. *Davis*, 863 F.3d at 964. The Seventh Circuit has used a variety of formulations to describe the type of error that may meet this demanding standard, including a "fundamental error equivalent to actual innocence," *Brown v. Rios*, 696 F.3d 638, 641 (7th Cir. 2012) (quoting *Taylor v. Gilkey*, 314 F.3d 832, 836 (7th Cir. 2002)); an error which reaches the "fundamental legality of [a prisoner's] sentence[]," *In re Davenport*, 147 F.3d 605, 609 (7th Cir. 1998); or an error which results in a sentence "based upon the equivalent of a nonexistent offense," *Narvaez v. United States*, 674 F.3d 621, 629 (7th Cir. 2011).

Several Seventh Circuit cases help define the contours of the "miscarriage of justice" standard as applied to Winters' case. First, in the context of an initial habeas petition under § 2255, the court held that a petitioner who had been improperly designated a career offender under the then-mandatory Sentencing Guidelines could obtain relief because, as a result of his improper designation, his sentence extended "beyond that authorized by the sentencing scheme" and thus undermined the "fundamental legality of his sentence." *Narvaez v. United States*, 674 F.3d 621, 630 (7th Cir. 2011). In *Brown v. Caraway*, 719 F.3d 583, 588 (7th Cir. 2013), the court extended *Narvaez* to § 2241 cases, again based upon the mandatory nature of the Guidelines before *United States v. Booker*, 125 S. Ct. 738 (2005).

In *Hawkins v. United States*, 706 F.3d 820, *supplemented on denial of rehearing*, 724 F.3d 915 (7th Cir. 2013), however, the court distinguished cases where the petitioner had been sentenced under the mandatory Guidelines, as in *Narvaez* and *Brown v. Caraway*, from cases where the petitioner is sentenced under the "merely advisory" post-*United States v. Booker*, 125 S. Ct. 738 (2005), Guideline regime:

> Postconviction review is therefore proper when for example the judge imposes a sentence that he had not authority to impose, as in *Navarez*, since the consequence for the defendant in such a case is 'actual prejudice'—an 'injurious effect' on the judgment. But it does not follow that postconviction relief is proper just because the judge, though he could lawfully have imposed the sentence that he did impose, might have imposed a lighter sentence had he calculated the applicable guidelines sentencing range correctly.

724 F.3d at 917. Because of this, the court held that "a sentence that is well below the ceiling imposed by Congress whether directly or by delegation to the Sentencing Commission" could not "be considered a 'miscarriage of justice' that can be collaterally attacked, just because the judge committed a mistake en route to imposing it." 706 F.3d at 824-25. To the contrary, "[a]n error in the interpretation of a merely advisory guideline . . . is not a proper basis for voiding [on postconviction review] a punishment lawful when imposed." *Id.* at 824.

Furthermore, the Seventh Circuit has rejected collateral attacks on sentences under the advisory Guideline regime where the sentencing judge recognized that the Guidelines were advisory and "determin[ed] that the sentence was appropriate." *Id.* at 709. An error in the advisory Guideline calculation remains insufficient for habeas relief even where the petitioner can show that the application of the enhancement likely resulted in a greater sentence than the petitioner would have received without the enhancement. *United States v. Coleman*, 763 F.3d 706, 708-10 (7th Cir. 2014) "[E]ven errors that are not harmless may not be cognizable" in a postconviction proceeding, and "the likelihood of a different sentence in light of the sentencing error is not an adequate basis" for demonstrating a miscarriage of justice. *Id.* at 710.

Winters was sentenced in 2006, after the Supreme Court's 2005 ruling in *Booker* which rendered the Sentencing Guidelines advisory. Winters' maximum sentence under 18 U.S.C. § 2113(d) was twenty-five years, and his sentence of 264 months is below that maximum. Furthermore, the sentencing judge recognized that the Guidelines were advisory, discussed the §

3553(a) factors, and concluded that the sentence was "not greater than necessary to comply with the purposes of Section 3553 (a)." Crim. Dkt. 58 at 66. Winters neither received an illegal sentence nor was sentenced by a judge unaware of the advisory nature of the Guidelines. Instead, the sentencing judge imposed a sentence below the statutory maximum which he believed to be appropriate after considering the statutory factors. Under binding Seventh Circuit precedent, the fact that Winters may have received a shorter sentence without the improper advisory Guideline enhancement is insufficient to show a miscarriage of justice. As a result, Winters has failed to demonstrate that he is entitled to habeas relief under § 2241.

## IV. Conclusion

For the foregoing reasons, Winters has sought relief pursuant to 28 U.S.C. § 2241 under circumstances which do not permit or justify the use of that remedy. His petition for a writ of habeas corpus is **denied**. The dismissal of this action is with prejudice. *Prevatte v. Merlak*, No. 865 F.3d 894, 900 (7th Cir. Aug. 1, 2017) ("petition should be dismissed with prejudice under 28 U.S.C. § 2255(e).").

**IT IS SO ORDERED.**

Date: 5/31/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

MICHAEL JOSIAH WINTERS
17895-424
MCCREARY - USP
MCCREARY U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 3000
PINE KNOT, KY 42635

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
breitz@usa.doj.gov

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
bob.wood@usdoj.gov